Plaintiffs assert that, for a period of over four years, defendants deliberately interfered with the closing of executed contracts of sale of two cooperative apartments. It is undisputed, however, that the contracts satisfactorily closed in August 2011. Delay, even “substantial delay,” in the closing of a real estate transaction does not constitute breach of the contract of sale (Ulysses I & Co., Inc. v Feldstein, 75 AD3d 990, 992 [3d Dept *476 2010], lv dismissed in part, denied in part, 15 NY3d 944 [2010]). Accordingly, since there was no “actual breach” of the contracts of sale, plaintiffs may not maintain a claim for tortious interference with contract against Zane (see NBT Bancorp v Fleet/ Norstar Fin. Group, 87 NY2d 614, 620-621 [1996]; Ulysses, 75 AD3d at 991-992).
We note that plaintiffs’ only other claim against Zane, for injunctive relief in the form of an order preventing him from interference with the closing, was mooted by the fact that the closing has occurred. Concur — Andrias, J.P., Friedman, De-Grasse, Manzanet-Daniels and Gische, JJ.